Ex parte CALLOWAY.

(District Court, M. D. Alabama, N. D. at Montgomery. November 13, 1917.)

ARMY AND NAVY ☞20—MILITARY SERVICE—CUSTODY.

Petitioner, who duly registered as required by National Conscription Act May 18, 1917, c. 15, was drawn for military service, duly examined, and accepted. On October 23, 1917, petitioner was directed by the local board of the draft body having custody of his registration papers to report to the office of the board on October 29th for transportation to one of the mobilization camps of the National Army. Petitioner failed to report, being in custody under an indictment found October 18, 1917, charging him with burglary and petit larceny. November 2d he pleaded guilty to the offense of petit larceny, an offense involving moral turpitude, and was fined, being committed to work out the fine and costs. A few hours thereafter petitioner made application for writ of habeas corpus, alleging that he was illegally restrained of his liberty by the state authorities, and praying that he be delivered into the custody of the local board for military service. *Held*, in view of the rulings of the provost marshal general, petitioner having been convicted of an offense involving moral turpitude and having been taken into custody by the state authorities before he was required to report to the local board and before he became a soldier, he is not entitled to be discharged from the custody of the state authorities, though liable for military service at the expiration of his imprisonment.

In the matter of the petition of Phil Calloway for writ of habeas corpus. Writ denied.

J. W. Brassell and L. A. Sanderson, both of Montgomery, Ala., for petitioner.

Wm. T. Seibels, Co. Sol., of Montgomery, Ala., for respondent sheriff.

HENRY D. CLAYTON, District Judge. The facts necessary to an understanding of the question presented here for decision are without dispute. The petitioner was duly registered as required by the National Conscription Act. Act Cong. May 18, 1917. He was drawn for service in the army provided for in said act, duly examined, and accepted. On October 23, 1917, he was ordered by the local board of Montgomery, the draft body having custody of his registration papers, to report at the office of that board on October 29, 1917, for transportation to one of the mobilization camps of the National Army.

Petitioner failed to report at the office of the local board as ordered, for on that date he was confined in the jail of Montgomery county under an indictment found October 18, 1917, charging him with burglary, a felony, and petit larceny, a misdemeanor. On November 2, 1917, he appeared in the circuit court of Montgomery county, waived a jury, and in open court pleaded guilty to the offense of petit larceny, an offense involving moral turpitude, and was fined $25 and costs, and petitioner is now held in jail under a sentence of 57 days to work out the fine and costs as provided by the Alabama law.

A few hours after petitioner's conviction in the state court, and on the same day, he made application for the writ in this case, alleging that he was being illegally restrained of his liberty by the state authorities, and praying that he be delivered into the custody of the local board of Montgomery for military service in the National Army of the United States.

It will be noted that the petition for the writ in this case is not filed by the local board of Montgomery claiming custody of Calloway, nor is it filed by any representative of the United States Army. It is filed by Calloway himself, in his own name and in his own behalf, and he, the petitioner, whose application for the writ shows he is not entitled to his own custody, alone asks to be discharged from the custody of the state authorities.

Eleven days before the date he was to report to the local board, and before he actually became a soldier of the United States, he was indicted in a court of competent jurisdiction, and later, on his own plea, convicted, of an offense involving moral turpitude. Under these facts and circumstances, the court is of opinion that the petitioner is not entitled, on his own application, to be released from the custody of the state authorities, who hold him under a valid judgment of conviction in a court of competent jurisdiction for an offense involving moral turpitude, and not for any offense committed in the performance of his duty as a soldier of the United States.

In passing, it may be noted that this ruling is in consonance with the view taken by the provost marshal general in No. 5 of the Compiled Rulings of that office, paragraph (e), wherein it is stated that a person convicted of a misdemeanor is not entitled to exemption from draft on that ground; but, "if the person called is serving a term, unless the authorities release him, he will be required to serve after the expiration of his term." When the application for the writ in this case was filed, petitioner was held under a valid judgment of a court of competent jurisdiction, and, in effect, was serving a term.

The petitioner, on his own application and under all the facts and circumstances of this case, is not entitled to be discharged. His application for the writ will therefore be denied, and petitioner, Calloway, will remain in the custody of the state authorities. An order will be accordingly entered.